IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ERIN MOOERS,

        Plaintiff,                                        No. 6:23-cv-01294-MC

    v.                                         **OPINION AND ORDER**

ST. CHARLES HEALTH SYSTEM, INC.,

        Defendant.
_____

**MCSHANE, Judge**:

    Plaintiff Erin Mooers brings religious discrimination and hostile work environment claims under Title VII of the Civil Rights Act and Oregon law against her former employer, Defendant St. Charles Health System, Inc. ("St. Charles"). Defendant moves to dismiss Plaintiff's hostile work environment claim, arguing she failed to plead the necessary factual allegations to support a claim for unlawful harassment. Def.'s Mot. to Dismiss 5–6, ECF No. 7. For the reasons discussed below, Defendant's Motion to Dismiss (ECF No. 7) is GRANTED.

## BACKGROUND[1]

    In August 2021, the Oregon Health Authority issued an administrative rule ("the mandate") that required healthcare workers to be vaccinated against COVID-19. Def.'s Mot. 2. The mandate permitted healthcare employers to grant religious exemptions and accommodations to employees upon request. Def.'s Mot. 2. In accordance with the mandate, Defendant required employees to become vaccinated but allowed employees to apply for religious exemptions. Compl. ¶ 11.

---

[1] At the motion to dismiss stage, this Court takes all of Plaintiff's allegations as true. *See Burget v. Lokelani Bernice Pauahi Bishop Trust*, 200 F.3d 661, 663 (9th Cir. 2000).

1 – OPINION AND ORDER

Plaintiff had worked at the St. Charles Anticoagulation Clinic as a Licensed Practical Nurse and a Manager of Clinical Operations for four years. Compl. ¶ 5. Following the mandate, Plaintiff alleges that "Many patients and other hospital staff were extremely negative towards those who were not vaccinated, and the entire hospital became a two-sided hostile environment." *Id.* ¶ 12.

As a "devout Christian," Plaintiff objected to the COVID-19 vaccine based on her belief that "her body is a temple of the Holy Spirit and that her body is not hers but God's," requiring her to "protect[] the physical integrity of her body against unclean food, harmful drugs, and injections." *Id.* ¶ 11. Plaintiff applied for a religious exemption in September 2021, which Defendant granted. *Id.* Following the grant of her religious exemption, Defendant placed Plaintiff on unpaid administrative leave. *Id.* Defendant ultimately terminated Plaintiff's employment for failure to comply with the vaccine mandate. *Id.*; Def.'s Mot. 2–3.

## STANDARDS

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter that "state[s] a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the factual allegations allow the court to infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The factual allegations must present more than "the mere possibility of misconduct." *Id.* at 678.

When considering a motion to dismiss, the court must accept all allegations of material fact as true and construe those facts in the light most favorable to the non-movant. *Burgert v. Lokelani Bernice Pauahi Bishop Tr.*, 200 F.3d 661, 663 (9th Cir. 2000). But the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at

555. If the complaint is dismissed, leave to amend should be granted unless "the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

## **DISCUSSION**

Claims brought under Title VII, 42 U.S.C. § 2000e and Or. Rev. Stat. § 659A.030(1)(a) are analyzed under the same framework. *Detwiler v. Mid-Columbia Med. Ctr.*, No. 22-cv-01306, 2022 WL 19977290, slip op. at *3 (D. Or. Dec. 20, 2022). To prevail on a hostile work environment claim based on religion, a plaintiff must show that: (1) she was subjected to verbal or physical conduct of a religious nature; (2) the conduct was unwelcome; and (3) the conduct was sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create an abusive work environment. *Vasquez v. Cnty. of Los Angeles*, 349 F.3d 634, 642 (9th Cir. 2003). To determine whether conduct was sufficiently severe or pervasive, courts consider the totality of the circumstances, "including the frequency of the discriminatory conduct; its severity; whether it was physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Id.* (quoting *Clark Co. Sch. Dist. v. Breeden*, 532 U.S. 268, 270-71 (2001)).

Defendant argues that Plaintiff failed to plead a prima facie case of a hostile work environment. Def.'s Mot. 4–5. Plaintiff's hostile work environment claim rests entirely on one paragraph:

> Prior to her placement on unpaid leave, Plaintiff was subjected to a hostile work environment. Many patients and other hospital staff were extremely negative towards those who were not vaccinated, and the entire hospital became a two-sided hostile environment.

Compl. ¶ 12.

Defendant argues that Plaintiff fails on the first and third prongs.[2] Def.'s Mot. 5. The first prong of a hostile work environment claim requires a plaintiff to demonstrate that she was subjected to verbal or physical conduct because of her religion. *Vasquez*, 349 F.3d at 642. Plaintiff's allegation of experiencing "extreme[] negativ[ity] towards those who were not vaccinated" establishes no connection between her religion and the alleged hostile work environment. Compl. ¶ 12. Plaintiff objected to the COVID-19 vaccination because as a "devout Christian," "her body is a temple of the Holy Spirit," and she must "glorify God by protecting the physical integrity of her body against unclean food, harmful drugs, and injections." Compl. ¶ 11. However, "unvaccinated status alone does not establish any connotation of religious affiliation." *Brown v. NW Permanente, P.C.*, No. 3:22-CV-986-SI, 2023 WL 6147178, at *6 (D. Or. Sept. 20, 2023). Plaintiff's allegation does not satisfy the first prong.

Similarly, Defendant argues that Plaintiff falls short on the third prong. Def.'s Mot. 6. The third prong requires a plaintiff to show that the conduct was so severe or pervasive that it "alter[ed] the conditions" of Plaintiff's employment. *Vasquez*, 349 F.3d at 642. To satisfy this prong, Plaintiff generally alleges that "patients and hospital staff were extremely negative towards those who were not vaccinated" (alleging severe conduct), and "the entire hospital became a two-sided hostile environment" (alleging pervasive conduct). Compl. ¶ 12; Pl.'s Resp. 7–8, ECF No. 9. Plaintiff's allegation is a conclusory statement, not a factual allegation, and a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Additionally, even assuming "other hospital staff were extremely negative towards those who were not vaccinated," this conduct is a far cry from conduct which might establish a hostile work environment. *See Torres v. Nat'l Frozen Foods Corp.*, No. 6:20-CV-01680-MC, 2021 WL 1740245 at *4 (D. Or. May 3, 2021)

---

[2] Defendant does not challenge the second prong; i.e., that the conduct was unwelcome.

4 – OPINION AND ORDER

(noting Ninth Circuit in *Draper v. Coeur Rochester, Inc.*, 147 F.3d 1104, 1105-06 (1998) found plausible hostile work environment "where the plaintiff was explicitly targeted by a supervisor who, over two years, harassed her every day, making comments about the plaintiff's 'ass,' telling her his sexual fantasies involving her, getting behind her and making crude insinuations, and making multiple sexual comments directed at the plaintiff over the loudspeaker where they worked."); *see also Lanyon v. Interfor U.S. Inc.*, No. 1:16-CV-2058, 2018 WL 1976023 at * 6 (finding plausible hostile work environment when employee alleged supervisor: "repeatedly attempted to grab [Plaintiff's] genitals; "physically threatened" the Plaintiff; and "repeatedly threatened to rape and sodomize" the Plaintiff.). Because Plaintiff failed to plead any specific facts in support of her allegation, her hostile work environment claim fails.

## CONCLUSION

For the above reasons, Defendant's Motion to Dismiss, ECF No. 7, is GRANTED. If Plaintiff believes it can plead sufficient facts to support the claim, Plaintiff is granted 14 days to file an amended complaint.

IT IS SO ORDERED.

DATED this 23rd day of February, 2024.

                                                              _____/s/ Michael McShane_____
                                                              **Michael J. McShane**
                                                  **United States District Judge**